## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John W. Conn,<br><br>           Plaintiff,<br><br>v.<br><br>Equifax Credit Reporting,<br><br>           Defendant. | Case No. 2:22-cv-00498-GMN-BNW<br><br>**Screening Order** |

Plaintiff is proceeding *pro se* under 28 U.S.C. § 1915 and has requested authority to proceed *in forma pauperis.* ECF No. 1. Plaintiff also submitted a complaint. ECF No. 1-2.

**I.    *In forma pauperis* Application**

Plaintiff has filed the application required by 28 U.S.C. § 1915(a). ECF No. 1. Plaintiff has shown an inability to prepay fees and costs or to give security for them. Accordingly, the Court grants his request to proceed *in forma pauperis*.

The Court will now review Plaintiff's complaint. ECF No. 1-2.

**II.   Screening Standard**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

//

//

### III. Screening the Complaint

Here, it appears Plaintiff is attempting to allege a violation of the Fair Credit Reporting Act. Plaintiff claims that Defendant Equifax "entered incorrectly credit status with City Credit Union in a credit report dated June 20, 2020" when these matters were in fact discharged pursuant to a Chapter 7 bankruptcy. He also alleges that he told Equifax it was erroneous to report that his bankruptcy in Dallas was discharged when in fact it was dismissed without prejudice. Lastly, he alleges that the bankruptcy adjudicated in Las Vegas in 2018 is not reported.

Under Section 1681i of the Fair Credit Reporting Act ("FCRA"),

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such a dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A).

In addition to the required reinvestigation, a consumer reporting agency ("CRA") has a duty to promptly notify the entity or individual who provided the information that such information has been disputed before the expiration of the 5-business-day period that begins on the date the CRA received notice of the dispute. 15 U.S.C. § 1681i(a)(2)(A). A CRA may terminate a reinvestigation if it reasonably determines that the dispute is frivolous or irrelevant. 15 U.S.C. § 1681i(a)(3)(A). However, if the reinvestigation reveals that the disputed information is in fact inaccurate, incomplete, or cannot be verified, the CRA shall promptly delete that item of information from the file and promptly notify the furnisher of that information. 15 U.S.C. § 1681i(a)(5)(A)(i)-(ii). The Ninth Circuit has held "that a plaintiff filing suit under [§] 1681i must make a 'prima facie showing of inaccurate reporting.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010).

As stated previously, it appears Plaintiff is attempting to bring a claim under the FCRA against Equifax Credit Reporting. The Court liberally construes Plaintiff as asserting violations of 15 U.S.C. § 1681i(a).

First, Plaintiff does not assert that he contacted the Defendant as to all matters of which he complains. That is, he only asserts that he contacted Equifax to let them know about the incorrect reporting regarding the Dallas bankruptcy. He does not assert that he contacted them regarding City Credit Union or the Las Vegas bankruptcy. In addition, Plaintiff does not assert whether an investigation took (or did not take) place and what the result was. As pled, Plaintiff fails to make a *prima facie* showing of inaccurate reporting under 15 U.S.C. § 1681i(a)(5)(A)(i)-(ii). As a result, the Court will dismiss the claim against Equifax without prejudice.

## IV.     Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's complaint is DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-2).

**IT IS FURTHER ORDERED** that Plaintiff has until **September 23, 2022** to file an amended complaint to the extent he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) or prior documents to make the amended complaint complete.

DATED: August 22, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE